PETER P. MERINGOLO (State Bar No. 197136)
SNYDER MILLER & ORTON LLP
111 Sutter Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 962-4400
Facsimile: (415) 962-4401
pmeringolo@smollp.com

ROBERT L. LEE (*Pro hac vice* to be filed)
JESSICA E. JACOB (*Pro hac vice* to be filed)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Bob.Lee@alston.com
Jessica.Jacob@alston.com

Attorneys for Plaintiff
TOMMY BAHAMA GROUP, INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN FRANCISCO DIVISION

| | |
|---|---|
| TOMMY BAHAMA GROUP, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| RICHARD SEXTON, | |
| Defendant. | |

Plaintiff Tommy Bahama Group, Inc. ("Tommy Bahama") files this Complaint for Injunctive Relief and Damages against Defendant Richard Sexton ("Defendant") and in support alleges as follows:

## NATURE AND BASIS OF ACTION

1.     This is an action for trademark counterfeiting in violation of the Federal Lanham Act, 15 U.S.C. §§ 1114(1) and 1116; trademark infringement in violation of the Federal Lanham Act, 15 U.S.C. § 1114(1) and the common law of the State of California; unfair competition in violation of

Snyder
Miller
& Orton
LLP

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the Federal Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and (B); and for unfair and deceptive trade practices in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200. Plaintiff seeks permanent injunctive relief, compensatory, statutory, and punitive damages, and recovery of its reasonable costs and attorneys' fees.

## THE PARTIES

2.     Plaintiff Tommy Bahama is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 1071 Avenue of the Americas, 11th Floor, New York, New York 10018. Tommy Bahama is a wholly-owned subsidiary of Oxford Industries, Inc., a producer and marketer of branded and private label apparel headquartered in Atlanta, Georgia. Tommy Bahama designs and sells men's and women's apparel, as well as numerous other goods and services, under the trademark TOMMY BAHAMA®.

3.     Upon information and belief, Defendant is an individual residing at 105 Camino Margarita, Nicasio, CA 94946. Upon information and belief, Defendant is a retailer and distributor of apparel through eBay and possibly other venues.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1337 and 1338, because this case arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over Tommy Bahama's state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendant because Defendant resides in this District, and has transacted business and committed tortious acts in this District. This Court therefore has personal jurisdiction over Defendant consistent with California's long-arm statute, Cal. Civ. Proc. Code § 410.10, and the Due Process Clause of the United States Constitution.

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                    2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is subject to personal jurisdiction within this District.

## FACTUAL BACKGROUND

### Tommy Bahama and Its Famous TOMMY BAHAMA® Mark

7.    Plaintiff Tommy Bahama is in the business of designing and marketing casual sportswear, denim, swimwear, accessories, and a complete home furnishings collection.

8.    Since at least as early as 1992, and long prior to Defendant' acts complained of herein, Tommy Bahama has used the trademark and service mark TOMMY BAHAMA® (the "TOMMY BAHAMA® Mark") in connection with its upscale island-inspired men's and women's apparel, including, but not limited to, shirts, pants, shorts, jeans, sweaters, jackets, vests, coats, rainwear, belts, hats, gloves, socks, scarves, ties, ascots, and neckerchiefs.

9.    Based on the tremendous success that these apparel items enjoy in the marketplace, Tommy Bahama has expanded its TOMMY BAHAMA® line of products to include a "lifestyle" line of island-inspired footwear, swimwear, personal accessories (such as wallets and watches), bedding, sporting goods, fragrances, personal care products, home furnishings, and sailboats.

10.    Much of Tommy Bahama's TOMMY BAHAMA® apparel and merchandise is marked with a logo that incorporates the TOMMY BAHAMA® Mark, with a palm tree between the stylized words "Tommy" and "Bahama" (the "TOMMY BAHAMA® Logo"):



Many of Tommy Bahama's TOMMY BAHAMA® shirts, for example, are marked with a shirt label sewn into the back collar of the shirt that bears the TOMMY BAHAMA® Logo.

/ / /

/ / /

/ / /

/ / /

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                                        3

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11.    Most of Tommy Bahama's TOMMY BAHAMA® apparel and merchandise is also marked with a "hang tag" that features the TOMMY BAHAMA® Mark, together with a logo that incorporates a drawing of a pineapple bush (the "TOMMY BAHAMA® Pineapple Logo"):



12.    Tommy Bahama operates over seventy TOMMY BAHAMA® retail stores for its apparel, accessories, and home furnishings in locations throughout the United States and Canada. In addition, Tommy Bahama employs a network of independent sales representatives who are authorized to sell TOMMY BAHAMA® apparel and merchandise to various other retail outlets and corporate accounts, including domestic and international resort locations, hotels and spas, golf pro shops, and upscale specialty department stores, such as Neiman Marcus, Saks Fifth Avenue, Macy's, and Nordstrom.

13.    Tommy Bahama also operates ten combination retail/restaurant locations, called the TOMMY BAHAMA® Tropical Café and Emporium, located in Florida, California, Arizona, Texas and Hawaii.

14.    For example, Tommy Bahama operates four (4) TOMMY BAHAMA® retail stores in San Francisco, San Jose, Palo Alto and Walnut Creek, CA, and sells TOMMY BAHAMA® apparel, accessories, and/or home furnishings at nearly fifty (50) retail locations in the San Francisco and San Jose metropolitan areas, including Macy's, Nordstrom, Bloomingdale's, and Patrick James department stores.

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                                                 4

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.    In fiscal year 2004 alone, Tommy Bahama's net sales of TOMMY BAHAMA® goods and services approximated $369 million. In fiscal years 2005 and 2006, Tommy Bahama's net sales of TOMMY BAHAMA® goods and services approximated $399 and $406 million, respectively.

16.    Tommy Bahama has spent millions of dollars promoting and marketing goods and services under the TOMMY BAHAMA® Mark that incorporate a tropical island theme, and these goods and services have received an enormous amount of publicity in this country and throughout the world. Consequently, goods and services sold in connection with the TOMMY BAHAMA® Mark are recognized worldwide as being associated with Tommy Bahama and its goodwill.

17.    As a result of Tommy Bahama's long-term and widespread use of the TOMMY BAHAMA® Mark in commerce, and the amount of favorable publicity surrounding TOMMY BAHAMA® apparel and merchandise, the TOMMY BAHAMA® Mark has achieved a level of recognition such that it is a famous mark in the United States and abroad.

18.    Tommy Bahama is the owner of more than thirty U.S. Service Mark and Trademark Registrations and Applications issued by or pending in the United States Patent and Trademark Office ("PTO") that include, in whole or in part, the TOMMY BAHAMA® Mark, including, without limitation, U.S. Reg. Nos. 2,782,036 (for the TOMMY BAHAMA® Logo); 2,704,749 (for the TOMMY BAHAMA® Mark); 2,787,590 (for the TOMMY BAHAMA® Pineapple Logo); 2,492,771 (for the TOMMY BAHAMA® Mark); and 1,802,812 (for the TOMMY BAHAMA® Mark). Attached hereto as Exhibit A are true and correct copies of these trademark registrations.

19.    Tommy Bahama's federal trademark registrations for the TOMMY BAHAMA® Mark, the TOMMY BAHAMA® Logo, and the TOMMY BAHAMA® Pineapple Logo are valid and subsisting in law, were duly and legally issued, are *prima facie* evidence of the validity of the marks registered, and constitute constructive notice of the ownership of these marks by Tommy Bahama in accordance with Sections 7(b) and 22 of the Trademark Act of 1946, 15 U.S.C. §§ 1115(a), 1057(b) and 1072.

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                                    5

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20.    In addition, Tommy Bahama's U.S. Reg. No. 1,802,812 for the TOMMY

BAHAMA® Mark for use in connection with clothing has now become incontestable pursuant to

Section 15 of the Trademark Act of 1946, 15 U.S.C. § 1065, and, pursuant to Section 33(b) of the

Act, 15 U.S.C. § 1115(b), this registration is therefore conclusive evidence of Tommy Bahama's

exclusive right to use the TOMMY BAHAMA® Mark for apparel.

21.    The TOMMY BAHAMA® Mark is now, and has continuously been, used in

interstate commerce by Tommy Bahama in marketing and promotional materials for Tommy

Bahama's goods and services, and the TOMMY BAHAMA® Mark has become, through

widespread and favorable public acceptance and recognition, an asset of substantial value to

Tommy Bahama as a symbol of Tommy Bahama, its quality goods and services, and its goodwill.

By virtue of its adoption and long-continuous use of the TOMMY BAHAMA® Mark, Tommy

Bahama is the sole owner of all right, title and interest in and to the TOMMY BAHAMA® Mark.

22.    Because of Tommy Bahama's long-term and extensive use of the TOMMY

BAHAMA® Mark in connection with apparel and other goods and services incorporating a tropical

island theme, the public has come to associate goods and services rendered or sold in connection

with the TOMMY BAHAMA® Mark with Tommy Bahama.

### Defendant and his Wrongful Conduct

23.    Beginning in at least as early as 2004, Tommy Bahama learned that Defendant was

selling counterfeit and/or unauthorized TOMMY BAHAMA® brand apparel on the Internet auction

site eBay.

24.    Specifically, in 2004, Tommy Bahama contacted eBay, through its Verified Rights

Owner Program ("VeRO Program"), to report that a person (eBay auction name "ferdinand_d_bull"),

was infringing Tommy Bahama's rights in its TOMMY BAHAMA® Marks by selling counterfeit

and/or unauthorized TOMMY BAHAMA® brand apparel through several eBay auction listings.

25.    As part of its VeRO Program, eBay removed the challenged listings and notified

"ferdinand_d_bull" via email (at ferdinanddbull13@aol.com) that the listings had been removed.

Following receipt of that notification, Defendant contacted Tommy Bahama to complain that his

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}

6

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    listings had been removed.  Tommy Bahama explained that the apparel Defendant was selling was

2    counterfeit and not authorized TOMMY BAHAMA® brand apparel.

3        26.    Since 2004, Tommy Bahama has on multiple occasions contacted eBay through its

4    VeRO Program to remove Defendant's listings for counterfeit and/or unauthorized TOMMY

5    BAHAMA® brand apparel.

6        27.    On or about November 27, 2007, following Tommy Bahama's most recent efforts

7    during October 2007 to remove Defendant's eBay listings offering unauthorized and/or counterfeit

8    TOMMY BAHAMA® apparel, Defendant filed a complaint in Small Claims Court in Marin County,

9    CA, against Tommy Bahama's parent, Oxford Industries, Inc., and eBay, Inc., alleging that Tommy

10   Bahama's use of eBay's VeRO program to remove his listings constituted, amongst other things,

11   negligent and fraudulent conduct and unfair business practices.

12

13       28.    Defendant is not an authorized distributor of TOMMY BAHAMA® apparel, and

14   Tommy Bahama has not authorized Defendant to use the TOMMY BAHAMA® Mark, the TOMMY

15   BAHAMA® Logo, or the TOMMY BAHAMA® Pineapple Logo in any form or fashion.

16       29.    Upon information and belief, Defendant has sold, and customers have received,

17   apparel that bear TOMMY BAHAMA® Logo shirt labels and/or the TOMMY BAHAMA® Mark,

18   and that purport to be authentic TOMMY BAHAMA® shirts, but which are in fact counterfeit.

19       30.    Upon information and belief, Defendant adopted and is using marks identical to the

20   TOMMY BAHAMA® Mark, the TOMMY BAHAMA® Logo, and the TOMMY BAHAMA®

21   Pineapple Logo in connection with their apparel with full knowledge of Tommy Bahama and its

22   exclusive rights to its marks and logos, and with full knowledge that they have no legal right to use

23   the Tommy Bahama's marks and logos to promote or sell their goods or services.

24       31.    Upon information and belief, Defendant has copied the TOMMY BAHAMA® Mark,

25   the TOMMY BAHAMA® Logo, and the TOMMY BAHAMA® Pineapple Logo (collectively "the

26   TOMMY BAHAMA® Marks") with the sole purpose and intent of trading on the goodwill that

27   Tommy Bahama has developed in those marks, and in a manner designed to mislead consumers into

28

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                               7

believing that Defendant and/or the counterfeit TOMMY BAHAMA® shirts sold by Defendant are affiliated or associated with, or endorsed or sponsored by, Tommy Bahama.

### COUNT I

#### Federal Trademark Counterfeiting

32.    Tommy Bahama incorporates by reference the allegations contained in paragraphs 1 – 31 of this Complaint, as if fully set forth herein.

33.    Tommy Bahama owns federal trademark and service mark registrations for the TOMMY BAHAMA® Marks, which serve to identify to the public certain goods and services that are offered by Tommy Bahama alone, and the goods and services offered in connection with those marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Tommy Bahama.

34.    Defendant has intentionally copied and used the TOMMY BAHAMA® Marks, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, knowing the marks he has used are counterfeit, as that term is defined in Section 34(d) of the Trademark Act, 15 U.S.C. § 1116(d), and in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Defendant's goods and services.

35.    Defendant's counterfeiting has enabled Defendant to earn profits to which he is not in law, equity or good conscience entitled, and has unjustly enriched Defendant, all to Defendant's profit and Tommy Bahama's damage and detriment.

36.    Defendant's conduct constitutes intentional trademark counterfeiting in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

37.    As a direct and proximate result of Defendant's conduct in violation of 15 U.S.C. § 1114(1), Tommy Bahama has suffered actual and irreparable injury for which no adequate remedy exists at law.

38.    Defendant's wrongful conduct will continue to cause such injury unless permanently enjoined by this Court.

Snyder
Miller
& Orton
LLP

## COUNT II

## Federal Trademark and Service Mark Infringement

39.     Tommy Bahama incorporates by reference the allegations contained in paragraphs 1 - 38 of this Complaint, as if fully set forth herein.

40.     Tommy Bahama owns federal trademark and service mark registrations for the TOMMY BAHAMA® Marks, which serve to identify to the public certain goods and services that are offered by Tommy Bahama alone, and the goods and services offered in connection with those marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Tommy Bahama.

41.     Defendant has intentionally copied and used the TOMMY BAHAMA® Marks, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, knowing the marks he has used are counterfeit, and in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Defendant's goods and services.

42.     Defendant's conduct has enabled Defendant to earn profits to which Defendant is not in law, equity or good conscience entitled, and has unjustly enriched Defendant, all to Defendant's profit and Tommy Bahama's damage and detriment.

43.     Defendant's conduct constitutes intentional trademark and service mark infringement in violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1).

44.     As a direct and proximate result of Defendant's conduct in violation of 15 U.S.C. § 1114(1), Tommy Bahama has suffered actual and irreparable injury for which no adequate remedy exists at law.

45.     Defendant's wrongful conduct will continue to cause such injury unless permanently enjoined by this Court.

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                                        9

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## COUNT III

### Common Law Trademark and Service Mark Infringement

46.     Tommy Bahama incorporates by reference the allegations contained in paragraphs 1 - 45 of this Complaint, as if fully set forth herein.

47.     Tommy Bahama, by virtue of its prior adoption and use in interstate commerce of the TOMMY BAHAMA® Marks in this judicial district and elsewhere, has acquired, established, and owns common law trademark and service mark rights in the TOMMY BAHAMA® Marks, which serve to identify to the public certain goods and services that are offered by Tommy Bahama alone, and the goods and services offered in connection with those marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Tommy Bahama.

48.     Defendant has intentionally copied and used the TOMMY BAHAMA® Marks, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, knowing the marks he has used are counterfeit, and in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Defendant's goods and services.

49.     Defendant's conduct has enabled Defendant to earn profits to which Defendant is not in law, equity or good conscience entitled, and has unjustly enriched Defendant, all to Defendant's profit and to Tommy Bahama's damage and detriment.

50.     Defendant's conduct constitutes intentional trademark and service mark infringement in violation of the common law of the state of California.

51.     As a direct and proximate result of Defendant's trademark and service mark infringement, Tommy Bahama has suffered actual and irreparable injury for which no adequate remedy exists at law.

52.     Defendant's wrongful conduct will continue to cause such injury unless permanently enjoined by this Court.

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                                        10

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## COUNT IV

### Federal Unfair Competition

53.    Tommy Bahama incorporates by reference the allegations contained in paragraphs 1 - 52 of this Complaint, as if fully set forth herein.

54.    Defendant has intentionally copied and used the TOMMY BAHAMA® Marks, without authorization, in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, in a manner that is likely to cause confusion, mistake, or deception as to the true source or sponsorship of Defendant's goods and services.

55.    Defendant has used the infringed TOMMY BAHAMA® Marks in commercial advertising and promotion, in a manner that misrepresents the nature, characteristics, and qualities of Defendant's goods, services, and commercial activities.

56.    Defendant's conduct has enabled Defendant to earn profits to which Defendant is not in law, equity or good conscience entitled, and has unjustly enriched Defendant, all to Defendant's profit and to Tommy Bahama's damage and detriment.

57.    Defendant's conduct constitutes unfair competition in violation of the Federal Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and (B).

58.    As a direct and proximate result of Defendant's unfair competition, Tommy Bahama has suffered actual and irreparable injury for which no adequate remedy exists at law.

59.    Defendant's wrongful conduct will continue to cause such injury unless permanently enjoined by this Court.

## COUNT V

### Common Law Unfair Competition

60.    Tommy Bahama incorporates by reference the allegations contained in paragraphs 1 - 59 of this Complaint, as if fully set forth herein.

61.    Tommy Bahama, by virtue of its prior adoption and use in interstate commerce of the TOMMY BAHAMA® Marks in this judicial district and elsewhere, has acquired, established, and owns common law trademark and service mark rights in the TOMMY BAHAMA® Marks, which

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                                    11

serve to identify to the public certain goods and services that are offered by Tommy Bahama alone, and the goods and services offered in connection with those marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Tommy Bahama.

62.    Defendant has intentionally and unlawfully copied and used the TOMMY BAHAMA® Marks, without authorization, for the calculated purpose of passing off his goods and services as those of Tommy Bahama, of trading upon Tommy Bahama's significant goodwill and reputation, and of deceiving the public as to the true nature and characteristics of Defendant's products, all to Defendant's profit and to Tommy Bahama's damage and detriment.

63.    Defendant's past and continued use of the TOMMY BAHAMA® Marks constitutes copying and imitation of the TOMMY BAHAMA® Marks, falsely designates the origin of Defendant's goods and services, is likely to cause consumer confusion, mistake, or deception.

64.    Defendant's conduct constitutes unfair competition under the common law of the State of California.

65.    As a direct and proximate result of Defendant's unfair competition, Tommy Bahama has suffered actual and irreparable injury for which no adequate remedy exists at law.

66.    Defendant's wrongful conduct will continue to cause such injury unless permanently enjoined by this Court.

## COUNT VI

### Violation of California Unfair Business Practices Act

67.    Tommy Bahama incorporates by reference the allegations contained in paragraphs 1 - 66 of this Complaint, as if fully set forth herein.

68.    Defendant's sale of counterfeit TOMMY BAHAMA® apparel, and unfair and deceptive acts described herein, constitutes unfair business practices under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200.

69.    The public is likely to be substantially damaged as a result of Defendant's unfair business practices.

Snyder
Miller
& Orton
LLP
{00015997.DOC; 1}                    12
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

70.    Unless permanently enjoined by this Court, Defendant will continue said deceptive trade practices, thereby deceiving the public and continuing to cause Tommy Bahama irreparable injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Defendant's unlawful conduct as alleged in Counts I through VI above, Tommy Bahama respectfully prays that:

1.    The Court enter judgment that the TOMMY BAHAMA® Marks are valid and enforceable trademarks and service marks; and that Defendant, as a result of his unauthorized copying and use of these marks, has:

     a.    engaged in trademark counterfeiting in violation of the Federal Lanham Act, 15 U.S.C. §§ 1114(1) and 1116;

     b.    infringed Tommy Bahama's rights in the TOMMY BAHAMA® Marks in violation of the Federal Lanham Act, 15 U.S.C. § 1114(1), and the common law of the state of California; and

     c.    engaged in unfair competition with Tommy Bahama in violation of the Federal Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and the common law of the state of California; and

     d.    engaged in unfair and deceptive trade practices in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200.

2.    The Court enter a permanent injunction, enjoining Defendant, and each of his divisions, related companies, officers, directors, agents, servants, employees, and all those persons in concert or participation with them, from:

     a.    using or authorizing the use of the TOMMY BAHAMA® Marks, or any reproduction, counterfeit, copy or colorable imitation thereof, in any form, or in any manner;

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}

13

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

b.  passing off or inducing or enabling others to sell or pass off any goods or services which are not authorized by Tommy Bahama as and for goods or services sponsored or endorsed by, associated, or affiliated with Tommy Bahama;

c.  otherwise unfairly competing with, injuring the business or reputation of, or damaging the good will of Tommy Bahama in any manner; and

d.  otherwise falsely representing themselves as being connected with, sponsored by, or associated with Tommy Bahama.

3.     Pursuant to Section 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, Defendant be directed to deliver up to Tommy Bahama for destruction all apparel, advertising and promotional materials, signs, business cards and all other materials which bear the TOMMY BAHAMA® Marks in any form, and all plates, molds, matrices and other means of making or duplicating the same;

4.     Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117, an accounting be had and judgment be rendered against Defendant for the profits, gains and advantage derived from his wrongful actions and the damages sustained by Tommy Bahama as a result of Defendant's actions, with such amounts to be trebled as provided by law because of the willful and deliberate nature of Defendant's actions;

5.     Defendant be required to pay Tommy Bahama actual damages, enhanced damages, and punitive damages in light of the willful, intentional and predatory nature of his actions;

6.     Defendant be required to pay Tommy Bahama statutory damages pursuant to 15 U.S.C. § 1117 in an amount not less than $1,000,000.00 for his repeated and willful sale of counterfeit goods;

7.     Pursuant to Section 35 of the Trademark Act of 1946, 15 U.S.C. §1117(a), Defendant be required to pay Tommy Bahama both the costs of this action and the reasonable attorneys' fees Tommy Bahama has incurred in connection with this action; and,

/ / /

/ / /

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                                    14

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    8.    The Court grant Tommy Bahama such other and further relief as the Court deems just

2  and proper.

3  Dated:  December 14, 2007                    SNYDER MILLER & ORTON LLP

4

5                                                                By: _____
                                                                      PETER MERINGOLO
6                                                                     Attorneys for Plaintiff
7                                                                     TOMMY BAHAMA GROUP, INC.

8

9                                            **JURY DEMAND**

10           Tommy Bahama hereby demands trial by jury of all issues raised in this Complaint.

11

12  Dated:  December 14, 2007                    SNYDER MILLER & ORTON LLP

13

14                                                               By: _____
                                                                      PETER MERINGOLO
15                                                                    Attorneys for Plaintiff
16                                                                    TOMMY BAHAMA GROUP, INC.

17

18

19

20

21

22

23

24

25

26

27

28

Snyder
Miller
& Orton
LLP

{00015997.DOC; 1}                              15

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Int. Cl.: 24

Prior U.S. Cls.: 42 and 50

United States Patent and Trademark Office

Reg. No. 2,782,036
Registered Nov. 11, 2003

## TRADEMARK
### PRINCIPAL REGISTER



VIEWPOINT INTERNATIONAL, INC. (DELA-
WARE CORPORATION)
1071 AVENUE OF THE AMERICAS, 11TH FLOOR
NEW YORK, NY 10018

FOR: BEDDING, NAMELY, BED LINEN, BED
SPREADS, PILLOW CASES, PILLOW SHAMS, PIL-
LOW COVERS, DUVETS, DUVET COVERS, COM-
FORTERS, BLANKETS, QUILTS AND QUILT
COVERS, BED SKIRTS, DUST RUFFLES, THROWS,
MATELESSÉ COVERLETS, BED SCARVES, BED
SHEERS; TOWELS, BATH SHEETS, WASH CLOTHS
AND WASHING MITTS, SHOWER CURTAINS; TA-
BLE LINEN, NAMELY, TABLE CLOTHS, NAPKINS,
PLACE MATS, COASTERS, IN CLASS 24 (U.S. CLS. 42
AND 50).

FIRST USE 4-12-2002; IN COMMERCE 4-12-2002.

OWNER OF U.S. REG. NO. 2,381,910 AND OTH-
ERS.

THE STIPPLING IS A FEATURE OF THE MARK.

THE NAME(S), PORTRAIT(S), AND/OR SIGNA-
TURE(S) SHOWN IN THE MARK DOES NOT IDEN-
TIFY A PARTICULAR LIVING INDIVIDUAL.

THE MARK CONSISTS OF THE WORDS "TOM-
MY BAHAMA" AND A DRAWING OF A PALM
TREE.

SER. NO. 78-193,846, FILED 12-12-2002.

EUGENIA MARTIN, EXAMINING ATTORNEY

Int. Cl.: 24

Prior U.S. Cls.: 42 and 50

**United States Patent and Trademark Office**

Reg. No. 2,704,749
Registered Apr. 8, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## TOMMY BAHAMA

VIEWPOINT INTERNATIONAL, INC. (DELA-
WARE CORPORATION)
1071 AVENUE OF THE AMERICAS, 11TH FLOOR
NEW YORK, NY 100161387

FOR: BEDDING, NAMELY, BED LINEN, BED
SPREADS, PILLOWS, PILLOW CASES, PILLOW
SHAMS, PILLOW COVERS, DUVETS, DUVET COV-
ERS, COMFORTERS, BLANKETS, QUILTS AND
QUILT COVERS, BED SKIRTS, DUST RUFFLES,
THROWS, MATELESSEE COVERLETS, BED
SCARVES, BED SHEERS; TOWELS, BATH SHEETS,
WASH CLOTHS AND WASHING MITTS, SHOWER

CURTAINS; TABLE LINEN, NAMELY, TABLE
CLOTHS, NAPKINS, PLACE MATS, COASTERS, IN
CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 4-12-2002; IN COMMERCE 4-12-2002.

OWNER OF U.S. REG. NOS. 1,802,812 AND
2,381,910.

SER. NO. 78-119,245, FILED 4-3-2002.

KEITH WELTSCH, EXAMINING ATTORNEY

Int. Cl.: 20

Prior U.S. Cls.: 2, 13, 22, 25, 32, and 50

United States Patent and Trademark Office

Reg. No. 2,787,590
Registered Nov. 25, 2003

## TRADEMARK
### PRINCIPAL REGISTER



TOMMY BAHAMA

*Amber Isle*

COLLECTION

VIEWPOINT INTERNATIONAL, INC. (DELA-WARE CORPORATION)
1071 AVENUE OF THE AMERICAS, 11TH FLOOR
NEW YORK, NY 10018

FOR: FURNITURE, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 8-1-2002; IN COMMERCE 8-1-2002.

OWNER OF U.S. REG. NOS. 2,381,910 AND 2,462,870.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COLLECTION", APART FROM THE MARK AS SHOWN.

THE NAME(S), PORTRAIT(S), AND/OR SIGNA-TURE(S) SHOWN IN THE MARK DOES NOT IDEN-TIFY A PARTICULAR LIVING INDIVIDUAL.

THE MARK CONSISTS OF A DRAWING OF A PINEAPPLE AND THE WORDS "TOMMY BAHAMA AMBER ISLE COLLECTION".

SN 78-116,249, FILED 3-20-2002.

RICHARD A. STRASER, EXAMINING ATTORNEY

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,492,771

## United States Patent and Trademark Office
Registered Sep. 25, 2001

### SERVICE MARK
### PRINCIPAL REGISTER

## TOMMY BAHAMA

VIEWPOINT INTERNATIONAL, INC. (DELA-
WARE CORPORATION)
1071 AVENUE OF THE AMERICAS, 11TH FLOOR
NEW YORK, NY 10018

FOR: RETAIL STORE SERVICES FEATURING
CLOTHING AND GENERAL CONSUMER GOODS,
IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-1-1993; IN COMMERCE 2-29-1996.

OWNER OF U.S. REG. NOS. 1,802,812, 2,284,151
AND OTHERS.

THE NAME "TOMMY BAHAMA" DOES NOT
IDENTIFY A LIVING INDIVIDUAL.

SER. NO. 78-021,687, FILED 8-17-2000.

CHERYL CLAYTON, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,802,812
Registered Nov. 2, 1993

## TRADEMARK
## PRINCIPAL REGISTER

## TOMMY BAHAMA

VIEWPOINT INTERNATIONAL, INC. (DELA-
WARE CORPORATION)
501 SEVENTH AVENUE, SUITE 1312
NEW YORK, NY 10018

FOR: MEN'S, WOMEN'S, BOYS', AND GIRLS'
CLOTHING; NAMELY, KNIT AND WOVEN
SHIRTS; KNIT AND WOVEN PANTS, SHORTS,
AND JEANS; SWEATERS, JACKETS, VESTS,
COATS, RAINWEAR, BELTS, HATS, GLOVES,

SOCKS, SCARVES, TIES, ASCOTS, AND NECK-
ERCHIEFS, IN CLASS 25 (U.S. CL. 39).
FIRST USE 3-1-1993; IN COMMERCE
3-1-1993.
"TOMMY BAHAMA" DOES NOT IDENTIFY
A PARTICULAR LIVING INDIVIDUAL.

SN 74-303,789, FILED 8-13-1992.

ELEANOR MELTZER, EXAMINING ATTOR-
NEY