1  PETER P. MERINGOLO (State Bar No. 197136)
   SNYDER MILLER & ORTON LLP
2  111 Sutter Street, Suite 1950
   San Francisco, CA 94104
3  Telephone: (415) 962-4400
   Facsimile: (415) 962-4401
4  E-mail: pmeringolo@smollp.com

5  ROBERT L. LEE (*Pro hac vice*)
   JESSICA E. JACOB (*Pro hac vice*)
6  ALSTON & BIRD LLP
   One Atlantic Center
7  1201 West Peachtree Street
   Atlanta, GA 30309-3424
8  Telephone: (404) 881-7000
   Facsimile: (404) 881-7777
9  E-mail: Bob.Lee@alston.com
   E-mail: Jessica.Jacob@alston.com
10

11 Attorneys for Plaintiff
   TOMMY BAHAMA GROUP, INC.
12
   DAVID C. PHILLIPS (State Bar No. 032611)
13 MEAGAN McKINLEY-BALL (State Bar No. 245375)
   PHILLIPS, ERLEWINE & GIVEN, LLP
14 50 California Street, 35th Floor
   San Francisco, CA 94111
15 Telephone: (415) 398-0900
   Facsimile: (415) 398-0911
16 E-mail: dcp@phillaw.com

17 Attorneys for Defendant
   RICHARD SEXTON
18

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                          SAN JOSE DIVISION

| | |
|---|---|
| TOMMY BAHAMA GROUP, INC., | Case No. C 07-06360-RMW |
| Plaintiff/ Counter-Defendant, | **JOINT CASE MANAGEMNT CONFERENCE STATEMENT AND RULE 26(F) REPORT** |
| vs. | Date: April 18, 2008 |
| RICHARD SEXTON, | Time: 10:30 a.m. |
| Defendant/ Counter-Plaintiff. | Courtroom: 6, 4th Floor |
| | Judge: Hon. Ronald M. Whyte |

## I. JURISDICTION AND SERVICE

The complaint was served on Defendant Sexton as of February 28, 2008. Defendant Sexton served an answer and counterclaims on April 7, 2008. Plaintiff Tommy Bahama's response to the counterclaims is due on April 28, 2008. No jurisdictional or venue issues exist.

## II. FACTS

The primary factual dispute in this case is whether the products sold or offered for sale by Defendant Sexton were counterfeited TOMMY BAHAMA® brand apparel.

In 2004, Tommy Bahama contacted eBay to report its allegation that Defendant Sexton (using the eBay auction name "ferdinand_d_bull") was infringing Tommy Bahama's rights by selling counterfeit and/or unauthorized TOMMY BAHAMA® brand apparel through several eBay auction listings. eBay removed the challenged listings and notified Defendant Sexton via email that the listings had been removed. Following receipt of that notification, Defendant contacted Tommy Bahama to complain that his listings had been removed. Tommy Bahama explained its contention that the apparel Defendant was selling was counterfeit and not authorized TOMMY BAHAMA® brand apparel.

On multiple occasions since 2004, Tommy Bahama has contacted eBay to remove Defendant's listings for items that Tommy Bahama contends are counterfeit and/or unauthorized TOMMY BAHAMA® brand apparel. The last such contact occurred in late 2007.

In October 2007, after receiving notice that Tommy Bahama had contacted eBay and caused Defendant's eBay postings of Tommy Bahama shirts to be removed, Defendant explained to Tommy Bahama that the items he was offering for sale on eBay were authentic. A representative from Tommy Bahama responded that they had complained about the postings because they did not show the shirts' hang tags and because they consist of the most commonly counterfeited Tommy Bahama shirts. Defendant then reposted these offerings with photographs of the hang tags. Tommy Bahama, however, contacted eBay and again claimed that Defendant was offering counterfeit goods for sale. As a result of Bahama's claim, eBay blocked Defendant from its website.

///

### III. LEGAL ISSUES

Plaintiff Tommy Bahama's analysis of Defendant Sexton's counterclaims is not yet complete. As such, as of this time, it is unclear if there are any disputed areas of law.

### IV. MOTIONS

Plaintiff Tommy Bahama may move for summary judgment. Plaintiff Tommy Bahama's analysis of Defendant Sexton's counterclaims continues.

Defendant Richard Sexton may move for summary judgment.

### V. AMENDMENT OF PLEADINGS

Plaintiff Tommy Bahama presently does not intend to amend the pleadings.

Defendant Richard Sexton presently does not intend to amend the pleadings.

### VI. EVIDENCE PRESERVATION

Plaintiff Tommy Bahama has preserved all evidence in its possession relevant to the issues in this case, including maintaining all documents and e-mails reflecting communications between the parties, Defendant's offers to sell allegedly counterfeited Tommy Bahama goods on eBay that have been gathered by Plaintiff, and communications between Plaintiff Tommy Bahama and eBay regarding Defendant Sexton.

Defendant Richard Sexton has preserved, to the best of his ability, all evidence in his possession relevant to the issues in this case, including communications between Defendant and Tommy Bahama and between Defendant and eBay, Tommy Bahama merchandise that Defendant purchased and offered for sale on eBay and sales receipts documenting Defendant's purchases of Tommy Bahama merchandise.

### VII. DISCLOSURES

Plaintiff Tommy Bahama served initial disclosures on April 10, 2008.

Defendant Richard Sexton served initial disclosures on April 11, 2008.

### VIII. DISCOVERY

Plaintiff Tommy Bahama has produced some information, including documents related to some of Defendant Sexton's prior eBay listings. Plaintiff Tommy Bahama believes that discovery can be completed by August 18, 2008. The parties' Rule 26(f) discovery plan is as follows:

{00018368.DOC; 1}   2

JOINT CASE MANAGEMENT STATEMENT
Case No. C 07-06360-RMW

Rule 26(f)(3)(A): The parties do not propose any limitations or modifications of the discovery rules.

Rule 26(f)(3)(B): Discovery will be needed on the following subjects:
- Alleged Tommy Bahama goods in Defendant Sexton's possession;
- The identity of all alleged Tommy Bahama goods sold or offered for sale by Defendant Sexton;
- Communications between Sexton and any third party related to alleged Tommy Bahama goods;
- Communications between the parties;
- Communications between either party and eBay related to the goods offered by Defendant Sexton;
- Facts and documents related to Defendant Sexton's sales and/or offers for sale of alleged Tommy Bahama goods;
- Advertisements and/or eBay listings (or listings on any other auction site) prepared by or for Defendant Sexton offering for sale alleged Tommy Bahama goods;
- Facts and documents related to Defendant Sexton's purchase of alleged Tommy Bahama goods;
- Receipts and/or credit card records showing Defendant Sexton's purchases of Tommy Bahama;
- Financial records and information related to profits and losses from Defendant Sexton's sales of alleged Tommy Bahama goods;
- Financial records and information related to profits and losses from Defendant Sexton's eBay business;
- Tommy Bahama's trademarks and service marks; and
- Qualities of authentic and/or authorized Tommy Bahama goods.

Rule 26(f)(3)(C): The parties are not aware of any issues about disclosure or discovery of electronically stored information.

Rule 26(f)(3)(D): The parties are not aware of any issues about the claims of privilege.

Rule 26(f)(3)(E): The parties do not propose any changes on the limitations on discovery imposed under the rules.

Rule 26(f)(3)(F): Plaintiff Tommy Bahama requests that the Court enter the Northern District's Model Protective Order in this case. A draft Protective Order is attached hereto as Exhibit A. Defendant Richard Sexton does not stipulate to this request.

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

Plaintiff Tommy Bahama understands that Defendant Sexton dismissed without prejudice the small claims case he previously filed in Marin County. There are no other related cases.

## XI. RELIEF

The relief sought by Plaintiff Tommy Bahama is summarized as follows:

1. A judgment that
   a. Plaintiff's trademarks and service marks are valid and enforceable; and
   b. Defendant engaged in trademark counterfeiting, infringed Tommy Bahama's rights, engaged in unfair competition with Tommy Bahama, and engaged in unfair and deceptive trade practices.

2. A permanent injunction, enjoining Defendant from
   a. using or authorizing the use of the Plaintiff's trademarks and service marks;
   b. passing off or inducing or enabling others to sell or pass off any goods or services which are not authorized by Tommy Bahama as and for goods or services sponsored or endorsed by, associated, or affiliated with Tommy Bahama;
   c. otherwise unfairly competing with, injuring the business or reputation of, or damaging the good will of Tommy Bahama in any manner; and
   d. otherwise falsely representing themselves as being connected with, sponsored by, or associated with Tommy Bahama.

3. Destruction of all apparel, advertising and promotional materials, signs, business cards and all other materials which bear Plaintiff's trademarks and service marks.

4. Disclosure of the identity of all third-party manufacturers and/or suppliers of counterfeit goods offered or sold by Defendant.

5. Treble damages, actual damages, enhanced damages, and punitive damages to be calculated after disclosure by Defendant Sexton of, among other things, the profits, gains and advantages derived from Defendant Sexton's wrongful actions.

6. Statutory damages pursuant to 15 U.S.C. § 1117 in an amount not less than $1,000,000.00 for Defendant's repeated and willful sale of counterfeit goods.

7. Costs of this action and the reasonable attorneys' fees incurred by Plaintiff.

The relief sought by Defendant is summarized as follows:

1. A judgment that
   a. Defendant has not infringed Tommy Bahama's trademark, engaged in counterfeiting or engaged in unfair or deceptive business practices.
   b. A judgment that Plaintiff Tommy Bahama has defamed Defendant and is liable for intentional and/or negligent interference with prospective economic advantage.

2. Actual, consequential and special damages.

3. Punitive damages.

4. Costs in this action and the reasonable attorney's fees incurred by Defendant.

## XII. SETTLEMENT AND ADR

The parties are attempting to schedule a video conference that will allow Plaintiff Tommy Bahama to analyze six of the alleged Tommy Bahama shirts in Defendant Sexton's possession and to show to counsel for Defendant Sexton that some or all of these shirts are counterfeit. The date for this video conference has not yet been set. The prospects for settling this matter will be better assessed after this video conference. Both parties agree that this case is best suited for an early

settlement conference with a magistrate judge. A conference call with the Northern District's ADR Program is set for April 15, 2008, at 10:30 a.m.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

If necessary, Plaintiff Tommy Bahama would consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Defendant would consent to have a magistrate judge conduct all further proceedings if the magistrate judge were located in the San Francisco or Oakland divisions of this Court.

### XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The issues in this matter are discreet and cannot be further narrowed by agreement or motion.

### XVI. EXPEDITED SCHEDULE

This is the type of case that may be handled on an expedited basis.

### XVII. SCHEDULING

Plaintiff Tommy Bahama proposes and defendant Richard Sexton is agreeable to the following schedule:

| | |
|---|---|
| Last Day to Designate Experts | August 4, 2008 |
| Expert & Fact Discovery Cut-off | August 18, 2008 |
| Hearing Date for Dispositive Motions | September 26, 2008 |
| Pretrial Conference | October 20, 2008 |
| Trial Date | November 3, 2008 |

### XVIII. TRIAL

Both parties demand a jury trial.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff Tommy Bahama filed a Certification of Interested Entities or Persons on December 14, 2007. Plaintiff Tommy Bahama restates that Oxford Industries, Inc., parent of plaintiff Tommy Bahama, (i) has a financial interest in the subject matter in controversy or in a party to the

proceeding, or (ii) has a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Defendant Richard Sexton does not know of any other non-party interested entity or person.

Dated: April 11, 2008

Respectfully Submitted,

By: _____/ s /_____
Peter P. Meringolo, Esq.
SNYDER MILLER & ORTON LLP
Attorneys for Plaintiff
TOMMY BAHAMA GROUP, INC.

By: _____/ s /_____
David C. Phillips, Esq.
PHILLIPS, ERLEWINE & GIVEN, LLP
Attorneys for Defendant and Counterclaimant
RICHARD SEXTON