PETER P. MERINGOLO (State Bar No. 197136)
SNYDER MILLER & ORTON LLP
111 Sutter Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 962-4400
Facsimile: (415) 962-4401
pmeringolo@smollp.com

ROBERT L. LEE (*Admitted Pro hac vice*)
JESSICA E. JACOB (*Admitted Pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Bob.Lee@alston.com
Jessica.Jacob@alston.com

Attorneys for Plaintiff
TOMMY BAHAMA GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOMMY BAHAMA GROUP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD SEXTON,<br><br>Defendant. | Case No. C-07-06360 RMW<br><br>**PLAINTIFF TOMMY BAHAMA GROUP, INC.'S REPLY TO DEFENDANT'S COUNTERCLAIMS** |

Plaintiff Tommy Bahama Group, Inc. ("Tommy Bahama") replies to the Counterclaims by Defendant Richard Sexton ("Sexton") as follows:

1. In responding to Paragraph 1, Tommy Bahama admits that Sexton is an individual domiciled within the Northern District of California.

2. In responding to Paragraph 2, Tommy Bahama admits that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in the State of New York.

{00019088.DOC; 1}                                           1

PLAINTIFF'S REPLY TO COUNTERCLAIMS

3. Tommy Bahama is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies them.

4. Tommy Bahama is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies them.

5. Tommy Bahama denies that Sexton did not offer to sell counterfeit Bahama merchandise through eBay. Tommy Bahama is without sufficient knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 5 and on that basis denies them.

6. Tommy Bahama denies the allegations of Paragraph 6.

7. Tommy Bahama admits that in October 2007 eBay removed certain of Sexton's auction offerings at the request of Tommy Bahama and that, thereafter, Sexton contacted Tommy Bahama. Tommy Bahama further admits that Sexton relisted certain auction items and that eBay again removed certain of Sexton's auction offerings at the request of Tommy Bahama. Except as so admitted, Tommy Bahama denies the allegations of Paragraph 7.

8. Tommy Bahama denies the allegations of Paragraph 8.

9. There is no Paragraph 9; no response by Tommy Bahama is required.

10. There is no Paragraph 10; no response by Tommy Bahama is required.

11. There is no Paragraph 11; no response by Tommy Bahama is required.

### FIRST COUNTERCLAIM

12. In responding to Paragraph 12, Tommy Bahama incorporates by reference its responses to Paragraphs 1 – 8 above. There are no Paragraphs 9 – 11, as stated above.

13. Tommy Bahama denies the allegations of Paragraph 13.

14. Tommy Bahama denies the allegations of Paragraph 14.

### SECOND COUNTERCLAIM

15. In responding to Paragraph 15, Tommy Bahama incorporates by reference its responses to Paragraphs 1 – 8 and 12 – 14 above. There are no Paragraphs 9 – 11, as stated above.

16. Tommy Bahama admits that Sexton offered for sale some merchandise on eBay. Tommy Bahama is without sufficient knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 16 and on that basis denies them.

17. Tommy Bahama admits that it knew that Sexton offered for sale some merchandise on eBay. Except as so admitted, Tommy Bahama denies the allegations of Paragraph 17.

18. Tommy Bahama denies the allegations of Paragraph 18.

19. Tommy Bahama denies the allegations of Paragraph 19.

20. Tommy Bahama denies the allegations of Paragraph 20.

### THIRD COUNTERCLAIM

21. In responding to Paragraph 21, Tommy Bahama incorporates by reference its responses to Paragraphs 1 – 8 and 12 – 20 above. There are no Paragraphs 9 – 11, as stated above.

22. Tommy Bahama admits that Sexton offered for sale some merchandise on eBay. Tommy Bahama is without sufficient knowledge or information sufficient to form a belief as to the truth of all other allegations of Paragraph 22 and on that basis denies them.

23. Tommy Bahama admits that it knew that Sexton offered for sale some merchandise on eBay. Except as so admitted, Tommy Bahama denies the allegations of Paragraph 23.

24. Tommy Bahama denies the allegations of Paragraph 24.

25. Tommy Bahama denies the allegations of Paragraph 25.

26. Tommy Bahama denies the allegations of Paragraph 26.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

Each of Sexton's alleged counterclaims fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Truth)

Tommy Bahama's statements to eBay, i.e., that Tommy Bahama had a good faith belief that Sexton was offering for sale counterfeit Tommy Bahama merchandise, were true.

### Third Affirmative Defense (Privilege)

Tommy Bahama's statements to eBay were privileged under the eBay Verified Rights Owner (VeRO) program, part of Sexton's user agreement with eBay, which contractually allowed Tommy Bahama to inform eBay that it had a good faith belief that Sexton was offering to sell counterfeit Tommy Bahama merchandise.

### Fourth Affirmative Defense (Privilege)

Tommy Bahama's statements to eBay were privileged because they were made without malice and related to a subject of mutual interest between eBay and Tommy Bahama, including, but not limited to, an interest in ensuring that items listed on eBay do not infringe upon the copyright, trademark or other rights of Tommy Bahama.

### Fifth Affirmative Defense (Conduct not Wrongful)

Tommy Bahama's conduct was not wrongful because it was in accordance with eBay's process and procedures, to which Sexton agreed.

### Sixth Affirmative Defense (Consent)

Sexton consented to be bound by eBay's process and procedures, which included Sexton's consent that Tommy Bahama could provide statements to eBay that it had good faith belief that Sexton's shirts were counterfeit and Sexton's consent to the removal of auction items based upon those statements.

### Seventh Affirmative Defense (Unclean Hands)

Each of Sexton's alleged crossclaims is barred by the doctrine of unclean hands.

**WHEREFORE,** Tommy Bahama prays:

1. Sexton take nothing by reason of its counterclaims and that the counterclaims be dismissed;

///

2. For costs of suit incurred herein;

3. For reasonable attorneys fees; and

4. For such other relief as the Court deems proper.

Dated: May 13, 2008                               SNYDER MILLER & ORTON LLP


By: _____/s/_____
PETER MERINGOLO
Attorneys for Plaintiff
TOMMY BAHAMA GROUP, INC.